OPINION
{¶ 1} George Bailey, Jr. appeals from his conviction of possession of Oxycodone in an amount exceeding the bulk amount, but less than four times bulk amount. The bulk amount of a controlled substance is an amount equal to or exceeding twenty (20) grams or five (5) times the maximum daily dose in the usual dose manual of a compound, mixture, preparation, or substance that is or contains any amount of a Schedule II opiate or opiate derivative. R.C. 2925.01(D)(1)(d).
 {¶ 2} Bailey contends in his first assignment the State failed to prove that he possessed five times the maximum dosage of Oxycodone. The State argues that it proved that Bailey possessed an amount of Oxycodone in an amount equaling or exceeding 20 grams and it was not required to prove that Bailey possessed more than the maximum daily dosage because the statute is written in the disjunctive. We agree.
 {¶ 3} Ms. Brooke Dunn, a forensic chemist employed at the Miami Valley Regional Crime Laboratory testified that Oxycodone is a Schedule II controlled substance. She explained the manner in which she tested the drug:
 {¶ 4} "Uh . . . the Oxycodone tablets would have been tested along the same lines as the — the, uh . . . Hydrocodone, uh . . . State's Exhibit 2. I would have, uh . . . compared the markings, in this case they were Endo Six o'two, and all fifty-eight tablets were marked as Endo six o'two, to the Drug I.D. Bible once again and came up with a match for Oxycodone. Then I took a sample of one of the tablets, ran it on the gas chromatograph, mass spectrometer and again was able to confirm that the tablets did confirm Oxy — did contain Oxycodone." (Tr. 20).
 {¶ 5} Further, Ms. Dunn testified that defendant possessed a total of eighty-nine Oxycodone tablets. When she was asked what constituted the bulk amount of Oxycodone by dosage, defense counsel objected and the trial court sustained the objection. The trial court agreed that the question was outside the area of Ms. Dunn's expertise. However, the eighty-nine tablets of Oxycodone would only establish the bulk amount by dosage, and thus the State would have been required to either present expert testimony relying on the physician's desk reference, or submit a copy of the manual. R.C. 2925.01(D)(1)(d).
 {¶ 6} Later, the assistant prosecutor proved the bulk amount of Oxycodone by weight. Ms. Dunn testified that State's exhibit #3 weighed 25.22g and State's Exhibit #4 weighed 16.21 g. Ms. Dunn also explained that sixty tablets or unit doses equals the bulk amount of Oxycodone. Ms. Dunn explained to the jury that the Ohio Revised Code contains a chart "based on the maximum daily dose that a person can take of a specific drug in a given amount of time." (Tr. 22). The first assignment of error is overruled. See, State v. Howell (1981), 5 Ohio App.3d 92.
 {¶ 7} In his second assignment, Bailey contends the State failed to prove that he possessed 20 grams of Oxycodone because the 89 Oxycodone tablets contained 445 milligrams or 4.45 grams of the opium or opium derivative.
 {¶ 8} Ms. Dunn testified that each Oxycodone tablet contains five grams of Oxycodone and 325 milligrams of the filler acetaminophen. Bailey argues that the filler should not be included in determining the weight of the controlled substance. The State argues that it should because the compound, mixture, preparation, or substance contain "any amount of a Schedule II opiate or opium derivative." We agree. See, State v. Colbert
(March 7, 1990), Ham. App. C-880471.
 {¶ 9} In his third assignment, Bailey contends the trial court erred in allowing the chemist to state "based on the ORC" what bulk for Oxycodone is. Bailey contends that the Revised Code does not provide for the "bulk amount" for Oxycodone, only the PDR does. Since the State proved bulk amount by weight without reference to the PDR "dose amount" Bailey was not prejudiced by Ms. Dunn's testimony. The third assignment is overruled.
 {¶ 10} The judgment of the trial court is Affirmed.
Grady, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).