OPINION
{¶ 1} Defendant, Iinthia Harris, appeals from her conviction and sentence for robbery.
 {¶ 2} As a result of participating in a purse snatching while armed with a thirteen inch hunting knife, Defendant was indicted on one count of robbery (deadly weapon) in violation of R.C.2911.02(A)(1). Defendant entered a plea of guilty to that offense, and the trial court sentenced her to a two year prison term. The court indicated that at the appropriate time, after a period of confinement at the women's reformatory, the court would approve a motion by defense counsel to transfer Defendant in a community-based correction facility.
 {¶ 3} Defendant timely appealed to this court, challenging only her sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ERRED UNDER O.R.C. 2930.14(B) WHEN IT FAILED TO CONTINUE THE SENTENCING OR TAKE APPROPRIATE ACTION TO ALLOW APPELLANT AN ADEQUATE OPPORTUNITY TO RESPOND TO NEW MATERIAL FACTS CONTAINED IN THE VICTIM'S IMPACT STATEMENTS."
 {¶ 5} Defendant argues that the trial court erred when it failed to continue the sentencing hearing or otherwise afford her an opportunity to respond to new material facts included in the victim impact statement.
 {¶ 6} During the sentencing hearing the victim made a statement explaining the circumstances of this robbery and the negative impact it has had on her life. The victim said that there were two attackers but only Defendant was caught, which worries the victim because the man who was with Defendant is still free. The victim also expressed concern that Defendant has not shown any remorse and if she is released after only a few months in rehabilitation she might return to the victim's home or workplace. The victim concluded by saying: "I've never believed that anyone should be made to be an example, but I also believe it is vital to (indiscernible) tolerated." The purpose of a victim impact statement is to apprise the court of any economic loss, physical injury, change in the victim's personal welfare or familial relationships, and any psychological or other impact experienced by the victim as a result of the offense. R.C.2947.051(B). The trial court must consider the victim impact statement in determining the sentence to be imposed. R.C.2930.14(B); R.C. 2947.051(A). Prior to sentencing, the trial court must permit the victim to make a statement. If that statement includes any new material facts, the court shall not rely on the new facts unless it continues the sentencing hearing or takes other appropriate action to allow the defendant an adequate opportunity to respond to the new facts. R.C.2930.14(B).
 {¶ 7} Defendant claims that the victim's statement at sentencing included new facts that were inaccurate. Specifically, the victim asserted that there were two perpetrators but only Defendant was apprehended, and that Defendant has not shown any remorse. Defendant did not object or raise any issue at sentencing regarding the accuracy of the information contained in the victim's statement. Neither did Defendant request a continuance of the sentencing proceeding in order to address any alleged inaccuracies in the "new facts" presented in the victim's statement. Accordingly, Defendant has waived all but "plain error." State v. Wickline (1990), 50 Ohio St.3d 606. Plain error does not exist unless it can be said that but for the error the outcome of the trial or proceeding would clearly have been different. State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 8} A review of the record, including the presentence investigation report, discloses that the victim's comments about the number of robbers and Defendant's lack of remorse were neither "new facts" nor inaccurate. This offense was witnessed by a Dayton police officer, Detective Coberly, who was working undercover in the Oregon District. The police report as well as the presentence report details Detective Coberly's observation that the victim was robbed of her purse by Defendant and unknown male suspect who fled the scene. Furthermore, despite the fact that she entered a guilty plea to this offense, Defendant continues to deny any participation in the offense, claiming that she did not know the man she was walking with was going to rob this victim. Defendant's refusal to accept responsibility for her wrongful conduct manifests a lack of any genuine remorse. The victim did not present in her impact statement any new material facts, much less facts that were inaccurate. Thus, the trial court was not obligated to continue the sentencing hearing. No error, much less plain error, has been demonstrated.
 {¶ 9} Defendant also alleges that the victim's statement included an inappropriate recommendation regarding the sentence that should be imposed: specifically, that Defendant should spend more than just a few months in rehabilitation. Pursuant to R.C.2930.13(C)(4), a victim impact statement may properly include the victim's recommendation for an appropriate sanction or disposition for the defendant. The victim's recommendation regarding Defendant's sentence was appropriate and does not constitute error, much less plain error.
 {¶ 10} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING PRISON, SAID SENTENCE BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD AND THE TRIAL COURT HAVING FAILED TO MAKE ANY EXPLANATION ON THE RECORD AS TO THE REASONING, FACTORS AND STEPS TAKEN BY THE COURT FOLLOW STATUTORY GUIDELINES."
 {¶ 12} Defendant argues that her sentence is contrary to law because no explanation was made on the record demonstrating that the trial court considered the required sentencing factors, made the required findings, and gave reasons for its findings as required by Ohio's sentencing laws. R.C. 2929.11 — 2929.19. In other words, Defendant complains because the record does not affirmatively demonstrate that the court followed Ohio's sentencing guidelines.
 {¶ 13} Per R.C. 2953.08(G)(2), our standard of review on appeal is not whether the sentencing court abused its discretion.State v. Lofton (Jan. 16, 2004), Montgomery App. No. 19852,2004-Ohio-169; R.C. 2953.08(G)(2). Rather, we may increase, reduce, or otherwise modify a sentence that is appealed or vacate the sentence and remand the matter for resentencing if we clearly and convincingly find either (1) that the record does not support the sentencing court's findings under the relevant statute, or (2) that the sentence is otherwise contrary to law. State v.Furrow (September 24, 2004), Champaign App. No. 03-CA-19,2004-Ohio-5272.
 {¶ 14} "Contrary to law" means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 "Where a sentencing court fails to make findings required in R.C. 2929.13 or R.C. 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required by R.C. 2929.19, the sentence is contrary to law."Id., at p. 779, citing State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110.
 {¶ 15} The trial court imposed the shortest prison term authorized for this felony two offense, two years. R.C.2929.14(A)(2). Accordingly, the court was not required to make the findings in R.C. 2929.14(B)(1) or (2) in order to impose more than the minimum sentence. Furthermore, we note that a prison term is presumed to be necessary for a felony two offense. See: R.C. 2929.13(D). Unlike in the Roth case cited in Defendant's brief, the trial court did not override the presumption in favor of a prison term and impose community control sanctions instead. Therefore, the court was not obligated to make the findings in R.C. 2929.13(D) (1) and (2), much less give reasons for those findings per R.C. 2929.19(B)(2)(b). Additionally, because the trial court did not impose the maximum sentence or consecutive sentences, it was not required to make the findings in R.C.2929.14(C) or (E)(4), or give its reasons for those findings per R.C. 2929.19(B)(2)(c) or (d).
 {¶ 16} The trial court's statements at the sentence hearing indicate that the court reviewed the presentence report and was in contact with the probation department regarding its recommendation in this case, which was that Defendant be placed in the Monday Program after serving a period of incarceration. The presentence report includes a review of the seriousness and recidivism factors in R.C. 2929.12, and indicates that per R.C.2929.12(B) one factor making this offense more serious is that Defendant possessed a thirteen inch knife during the commission of this theft offense. No factors making this offense less serious per R.C. 2929.12(C) apply. With respect to the likelihood that Defendant would commit future crimes, several factors making recidivism likely apply: Defendant was on probation at the time of this offense, R.C. 2929.12(D)(1), Defendant has a history of criminal convictions, R.C. 2929.12(D)(2), and Defendant shows no genuine remorse for this offense, R.C. 2929.12(D)(5). No factors making recidivism unlikely apply.
 {¶ 17} On this record, we cannot clearly and convincingly find that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law.
 {¶ 18} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Donovan, J., Concur.