OPINION
{¶ 1} Alonzo Moore appeals from his conviction and sentence on one count of *Page 2 
trafficking at least a gram of crack cocaine in a school zone, a third-degree felony.
 {¶ 2} Moore's appeal stems from a drug transaction that he and a companion, Gerald Page, engaged in with undercover officers. Moore spoke to one of the officers by cell phone several times to set up the sale. During one conversation, Moore agreed to conduct the sale in a McDonald's parking lot in the vicinity of two schools. When an officer arrived to make the purchase, Page actually conducted the transaction while Moore waited nearby on a bicycle. Page and Moore then began walking away together, and Moore called the undercover officer again to confirm his satisfaction. When the call ended, police arrested Moore and Page.
 {¶ 3} Moore's appointed counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, indicating that she can find no non-frivolous issues for appellate review. Appellate counsel has identified five possible arguments, however, relating to (1) the failure of the indictment and verdict forms to state the degree of Moore's offense, (2) the trial court's ruling on a suppression motion, (3) the including of a school-zone specification, (4) the weight of the crack cocaine, and (5) the sentence imposed. After receiving appellate counsel's Anders brief, we invited Moore to file a pro se brief assigning any errors for our review. He has not done so.
 {¶ 4} Pursuant to our responsibilities under Anders, we independently have reviewed the entire record in this case. Having done so, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues for our review.
 {¶ 5} Although Moore's indictment and verdict forms did not specify the degree of his offense, they nevertheless were sufficient because they included the additional *Page 3 
elements — the weight of the crack cocaine and the location of the offense in a school zone — that made the crime a third-degree felony. See R.C. 2945.75(A).
 {¶ 6} With regard to the suppression motion, the only evidence obtained from Moore was his cell phone. The record supports the trial court's finding that police had probable cause to arrest Moore and also that he abandoned the phone by throwing it in the street.
 {¶ 7} The State's evidence also established that the drug transaction took place in a McDonald's parking lot in the vicinity of two schools. Although Moore's companion actually sold the crack cocaine, Moore was present in the parking lot and helped facilitate the transaction through cell phone conversations with an undercover officer. Therefore, we see no potentially meritorious issue regarding the propriety of the school-zone specification.
 {¶ 8} As for the weight of the crack cocaine, the jury heard conflicting testimony. The State's expert witness testified that it weighed a little more than one gram, which was sufficient to elevate the degree of the offense. Moore's expert testified that the crack cocaine weighed a little less than one gram when he examined it several months later. Both experts agreed that moisture in crack cocaine evaporates, which can cause its weight to decrease over time. Therefore, the jury reasonably may have concluded that the crack cocaine weighed a little more than one gram at the time of the offense. The jury also was not required to disregard the weight of moisture in the crack cocaine when determining its weight. See R.C. § 2925.01(GG) (defining crack cocaine as "a compound, mixture, preparation or substance that is or contains any amount of cocaine that is analytically identified as the base form of cocaine * * *"). *Page 4 
 {¶ 9} Finally, we note that Moore received a mid-range sentence of three years in prison. Having examined the sentencing transcript, we find no potentially meritorious issues for our review.
 {¶ 10} The judgment of the trial court is affirmed.
WOLFF, P.J., and FAIN, J., concur. Copies mailed to:
 Carley J. Ingram Tara C. Dancing Hon. Timothy O'Connell *Page 1