[Cite as *State v. Smith*, 2011-Ohio-2568.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

STATE OF OHIO                          :
                                       :      Appellate Case No. 2010-CA-36
    Plaintiff-Appellee          :
                                       :      Trial Court Case No. 09-CR-530
v.                                     :
                                       :      (Criminal Appeal from
WILLIAM C. SMITH, II                   :       Common Pleas Court)
                                       :
    Defendant-Appellant    :
                                       :
    . . . . . . . . . . .

# O P I N I O N

Rendered on the 27th day of May, 2011.

. . . . . . . . . . .

STEPHEN K. HALLER, by STEPHANIE R. HAYDEN, Atty. Reg. #0082881, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. #0067714, Robert Alan Brenner, LLC, Post Office Box 341021, Beavercreek, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}  William Smith appeals from his conviction and sentence in Greene County Common Pleas Court on several drug-related charges stemming from his sale of cocaine to a confidential informant.

{¶ 2}  Smith advances two assignments of error on appeal. First, he challenges the

legal sufficiency of the evidence to support his conviction on one count of cocaine possession, one count of cocaine trafficking, and one count of possessing criminal tools. Second, he claims the verdict forms for two trafficking counts were fatally defective.

{¶ 3} The charges against Smith stemmed from two controlled drug transactions he participated in with a confidential informant identified as Andrea W. The first transaction took place on March 30, 2009. On that occasion, police wired Andrea W. and gave her money to purchase drugs from Smith. She proceeded to purchase what a field test revealed was cocaine. The second transaction took place the following day. Once again, Andrea W. met with police and received money to buy drugs from Smith. She then purchased what a field test revealed was cocaine.

{¶ 4} At trial, forensic chemist Jennifer Watson testified that the substance Smith sold on March 30, 2009, weighed 2.83 grams, and the substance he sold on March 31, 2009, weighed 12.39 grams. Watson tested .01 grams of each substance and determined that each contained cocaine. She did not determine what percentage of each sample was cocaine and what percentage was a filler. In that regard, Watson explained that caffeine, baking soda, certain sugars, corn starch, and even inosotil (a health food supplement) can be mixed with cocaine to "cut" it. Although she determined that each of the substances she tested contained cocaine, she conceded that they could be one percent cocaine and ninety-nine percent filler. At the conclusion of Smith's trial, a jury convicted him on multiple charges. The trial court imposed an aggregate sentence of five years in prison. This appeal followed.

{¶ 5} Smith's first assignment of error challenges the legal sufficiency of the evidence to support his conviction on counts four and six, which charged him with trafficking

and possession. When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Hawn* (2000), 138 Ohio App.3d 449, 471. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶ 6} In support of his insufficiency argument, Smith first challenges his conviction on counts four and six of his indictment. Count four charged him with trafficking in ten to one-hundred grams of cocaine. Count six charged him with possessing five to twenty-five grams of cocaine. Because the penalty for each offense is tied to the amount of cocaine trafficked or possessed, Smith correctly notes that the State was required to prove the amounts charged in the indictment.

{¶ 7} Smith argues that the State failed to prove the amount of "the drug involved" in counts four and six. He notes Watson's testimony that she tested only .01 grams of each substance and her concession that each substance could have been ninety-nine percent filler and one percent cocaine. Smith asserts that the State was required to prove what portion of each substance was a drug and to weigh only that portion of the entire substance. Instead, Watson weighed the entire substance, and the State relied on that weight to prove the amounts

alleged in his indictment. Therefore, he claims the State presented legally insufficient evidence to support his conviction on counts four and six.

{¶ 8} We begin our analysis with a review of the pertinent statutes. Revised Code section 2925.03(A)(1) prohibits the sale or offer to sell a controlled substance. A violation of R.C. 2925.03(A)(1) constitutes "trafficking in cocaine" if "the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine." R.C. 2925.03(C)(4). Trafficking in cocaine is a third-degree felony if "the amount of the drug involved equals or exceeds ten grams but is less than one hundred grams of cocaine."

{¶ 9} Similarly, R.C. 2925.11(A) prohibits obtaining, possessing, or using a controlled substance. A violation of R.C. 2925.11(A) constitutes "possession of cocaine" if "the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine." R.C. 2925.11(C)(4). Possession of cocaine is a fourth-degree felony if "the amount of the drug involved equals or exceeds five grams but is less than twenty-five grams of cocaine." R.C. 2925.11(C)(4)(b).

{¶ 10} Under the foregoing provisions, the State could convict Smith by proving that "the drug involved in the violation [was] * * * a compound, mixture, preparation, or substance containing cocaine" and that "the amount of the drug involved" equaled or exceeded the statutory threshold. At trial, Watson testified that the drug involved in Smith's case was an "off-white chunky substance" containing cocaine. She also testified that the weight of the drug involved (the off-white chunky substance) exceeded the statutory threshold for the indicted charges. (Transcript, Vol. 1 at 158-159).

{¶ 11} On appeal, Smith insists that "the drug involved" did not include parts of the

substance other than actual cocaine. In support, he notes that under R.C. Chapter 2925, the definition of "drug" includes "[a]ny article, other than food, intended to affect the structure or any function of the body of humans or animals." R.C. 2925.01(C); R.C. 4729.01(E)(3). Because some of the things commonly mixed with cocaine may be considered "food items" (i.e., caffeine, baking soda, sugar, corn starch, and inosotil), Smith claims the State was required to determine what part of the substance he sold was cocaine and what part was food. In making this argument, he cites R.C. 3715.01(A)(3)(a), which defines "food" as "[a]rticles used for food or drink for humans or animals."

{¶ 12} Upon review, we find Smith's argument to be unpersuasive. "The drug involved" in the present case was an off-white chunky substance containing cocaine. See R.C. 2925.03(C)(4). This substance is not something typically used for food or drink. Therefore, it does not qualify as food. Case law does not support Smith's claim that the State was required to segregate the cocaine from the other ingredients in the substance. See, e.g., *State v. Moore*, Montgomery App. No. 21863, 2007-Ohio-2961, ¶8 (concluding that "[t]he jury also was not required to disregard the weight of moisture in the crack cocaine when determining its weight"); *State v. Bailey*, Montgomery App. No. 21123, 2005-Ohio-6669, ¶8 (rejecting an argument "that the filler should not be included in determining the weight of the controlled substance"); *State v. Combs* (Sept. 10, 1991), Montgomery App. No. 11949 (reasoning "that any amount of cocaine is sufficient to subject a defendant to criminal liability under R.C. 2925.03(A)(6) when found in a compound, mixture, preparation or substance that satisfies the required statutory weight or dosage"); *State v. Fuller*, (Sept. 26, 1997), Hamilton App. No. C-960753 ("The quantity of the entire mixture, rather than the quantity of pure cocaine within

the mixture, is used to determine bulk amount. * * * The fact that the analyst did not do a qualitative analysis to determine the purity of the cocaine was irrelevant to her testimony concerning the weight of the substance and whether cocaine was mixed in the substance.").

{¶ 13} Smith next takes issue with the verdict forms for counts four and six. Both forms included a finding by the jury that "the cocaine" at issue was equal to or exceeded the statutory amount. Because Watson determined only the weight of the off-white chunky substance as a whole, and not the weight of the actual cocaine within the substance, Smith claims the evidence is insufficient to support the jury's verdicts.

{¶ 14} Once again, we are unpersuaded. The State was required to prove that "the drug involved" was "a compound, mixture, preparation, or substance containing cocaine" and that "the amount of the drug involved" equaled or exceeded the statutory threshold. Notwithstanding the language of the verdict forms, the State was not required to prove that

{¶ 15} Smith possessed or trafficked pure cocaine equal to or exceeding the statutory amount. Rather, as we have explained, it was enough that the substance Watson tested, as a whole, satisfied the weight requirement. Thus, insofar as Smith has couched his argument as one involving the sufficiency of the evidence, we conclude that the State presented legally sufficient evidence to support his conviction on counts four and six.

{¶ 16} Smith's real argument, however, appears to be that the verdict forms for counts four and six were flawed because they indicated that he possessed and sold a certain quantity of "cocaine" rather than a "substance containing cocaine." We reject this argument for at least three reasons. First, although the latter characterization is more precise, Smith did not object to the wording of the verdict forms prior to the jury's verdict. Second, the crimes of

"possession of cocaine" and "trafficking in cocaine" are committed when an offender possesses or sells a substance containing cocaine. See R.C. 2925.11(C)(4); R.C. 2925.03(C)(4). Under the statutory scheme, then, possessing or selling "cocaine" is the same as possessing or selling a substance containing cocaine. There is no meaningful difference between the two. Third, the disputed wording only could have prejudiced the State. As explained above, the State was required to prove that Smith had possessed and sold a substance of a certain weight that contained some cocaine. The wording may have appeared to require more by referring to "cocaine" rather than "a substance containing cocaine." The trial court recognized this fact in its ruling on a post-verdict Crim.R. 29(C) motion for judgment of acquittal. In overruling the motion, the trial court reasoned:

{¶ 17} "* * * [T]he Court recognizes that the definition of bulk refers to various amounts, including in this particular case, an amount of substance that would be in excess of 10 grams, less than 100 grams, but the statute indicates which contains any amount of cocaine [sic].

{¶ 18} "So, in other words, there is only a requirement that the State establish beyond a reasonable doubt that the amount of substance involved in the alleged transaction contains some amount of cocaine. It does not require the State to prove the total amount of cocaine. That is, in the Court's opinion, the law, and based upon that, the Court will find that the State is not required to prove more than what they did in this particular case.

{¶ 19} "Counsel has pointed out the fact that the Jury could have been instructed that they only had to find any amount [of cocaine in the substance]; however, the Court will find that that could only prejudice the State, not the Defendant. The Jury made a finding that there

was an amount consistent with the law in this particular case and they could have made the argument that the State did not show that there was at least 10 grams of cocaine. So I don't find that any other determination would have been prejudicial to the Defendant." (Transcript, Vol. 2 at 250).

{¶ 20} Upon review, we agree with the trial court and determine that the wording of the verdict forms for counts four and six was not error.

{¶ 21} Smith next challenges the legal sufficiency of the evidence to support his conviction on count five, which charged him with possession of criminal tools. This count, which involved the second drug transaction between Smith and Andrea W., alleged that he had used a plastic bag to transfer the cocaine. Although Smith concedes the record contains evidence that he transferred cocaine "in a baggie" during the first transaction on March 30, 2009, he claims the State presented no evidence that he used a plastic bag during the second transaction the following day.

{¶ 22} Upon review, we find Smith's argument to be without merit. In *State v. Moulder*, Greene App. No. 08-CA-108, 2009-Ohio-5871, ¶8, this court recognized that a plastic baggie used to hold cocaine is a criminal tool. Moreover, Andrea W. testified at trial and identified State's exhibit 12 as being "the coke" she bought on March 31, 2009. The record reflects that exhibit 12 is a plastic bag containing white powder. Prior to trial, the plastic bag containing the white powder had been stored in a yellow evidence envelope. (Transcript, Vol. 1 at 118). In addition, detective Richard Miller testified and identified State's exhibit 12 as being a picture of a bag of cocaine that police removed from Andrea W. after she met with Smith on March 31, 2009. (Id. at 76-77, 82). Based on the foregoing testimony, the

jury reasonably could have inferred that cocaine was in a plastic bag when she purchased it from Smith. As a result, the record contains legally sufficient evidence to support his conviction on count five. The first assignment of error is overruled.

{¶ 23} In his second assignment of error, Smith challenges the adequacy of the verdict forms for counts one and four. The forms both state that he was found guilty of "trafficking in drugs." Smith notes, however, that his indictment charged him with "trafficking in cocaine." Based on this discrepancy, he argues that the verdict forms for counts one and four do not support his convictions. We disagree.

{¶ 24} Count one of the indictment charged Smith with selling or offering to sell a controlled substance in violation of R.C. 2925.03(A)(1). Count one identified the substance as cocaine and charged the offense as a fifth-degree felony. Count one also characterized the crime as "[t]rafficking in [c]ocaine." The verdict form for count one referred to R.C. 2925.03(A)(1) and asked jurors to decide whether Smith was guilty of "[t]rafficking in [d]rugs." In this regard, the verdict form could have been more specific. When the "drug" at issue contains cocaine, a schedule II drug, technically the offender is guilty of "trafficking in cocaine." R.C. 2925.03(C)(4). On the other hand, "[i]f the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule III, IV, or V," the offender is guilty of "trafficking in drugs." R.C. 2925.03(C)(2). We do not find the wording of the verdict form to be error.

{¶ 25} Moreover, even if we were to construe the wording of the verdict form for count one to be error, Smith did not object to its wording and, therefore, waived all but plain error. *State v. Williams* (1996), 74 Ohio St.3d 569, 573. "A silent defendant has the burden to

satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *State v. Davis,* Highland App. No. 06CA21, 2007-Ohio-3944, ¶22, citing *United States v. Vonn* (2002), 535 U.S. 55, 59, 1225 S.Ct. 1043, 152 L.Ed. 2d 90. Plain error does not exist unless, but for the error, the outcome of the proceeding clearly would have been different. *State v. Harris*, Montgomery App. No. 20841, 2005-Ohio-6835, ¶7.

{¶ 26} We find no plain error here for at least three reasons. First, the evidence at trial made clear, beyond any doubt, that the drug involved in count one was cocaine. Second, the trial court explicitly instructed the jury that count one accused Smith of "trafficking in cocaine." Third, Smith was charged with selling or offering to sell a controlled substance in violation of R.C. 2925.03(A)(1), a fact the verdict form made clear. As the State correctly points out, the charge was a fifth-degree felony, the lowest-level violation possible under R.C. 2925.03(A)(1), for either "trafficking in drugs" or "trafficking in cocaine." Therefore, we could not say the outcome would have been different if the verdict form had used the word "cocaine" rather than "drugs."

{¶ 27} We reach the same conclusion with regard to the verdict form for count four. In the indictment, count four charged Smith with selling or offering to sell a controlled substance. Count four identified the substance as cocaine and charged the offense as a third-degree felony based on the amount being between ten and one-hundred grams. Count four of the indictment also characterized the crime as "[t]rafficking in [c]ocaine." As with count one, the verdict form for count four referred to R.C. 2925.03(A)(1) and asked jurors to decide whether Smith was guilty of "[t]rafficking in [d]rugs." Notably, however, the verdict

form for count four specifically asked jurors to decide whether the weight of "the cocaine" involved was between ten and one-hundred grams. In addition, the trial court instructed jurors that count four charged Smith with "trafficking in cocaine." Therefore, they plainly knew that count four involved trafficking in cocaine. We note too that the reference to cocaine and the quantity of the drug in the verdict form properly made count four a third-degree felony. Once again, Smith did not object and we find no plain error.

{¶ 28} In opposition to the foregoing conclusion, Smith relies solely on *State v. Reed* (1985), 23 Ohio App.3d 119. In that case, the First District Court of Appeals declared a verdict form ineffective and void where it found the defendant guilty of "TRAFFICKING OFFENSE (SALE) 2925.03(A)(1)." The First District noted that there was no such crime as "trafficking offense." The *Reed* court further found it impossible to determine from the verdict the name or degree of the offense (which established the penalty) or the name or classification of the drug (from which the name and degree of the offense could have been established).

{¶ 29} We find *Reed* to be distinguishable. As set forth above, the evidence against Smith established that the drug involved in counts one and four was cocaine. The verdict forms for counts one and four also charged Smith with violating R.C. 2925.03(A)(1), which prohibits the sale or offer to sell a controlled substance. Moreover, although the verdict form for count one did not state the degree of Smith's offense, he was convicted of a fifth-degree felony, which is the lowest-level offense that exists under R.C. 2925.03(A)(1). Therefore, unlike *Reed*, the failure of the verdict form for count one to identify the name or classification of the drug, or the degree of the offense, was not prejudicial. With regard to count four, the verdict form *did* identify the name of the drug and the proven weight. Thus, unlike *Reed*, the

verdict form supported Smith's conviction for a third-degree felony on count four. The second assignment of error is overruled.

{¶ 30} Based on the reasoning set forth above, we affirm the judgment of the Greene County Common Pleas Court.

· · · · · · · · · · · ·

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Stephen K. Haller
Stephanie R. Hayden
Robert Alan Brenner
Hon. Stephen Wolaver