[Cite as *State v. Reyes*, 2018-Ohio-1426.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO :
                                          :
    Plaintiff-Appellee :      Appellate Case No. 2017-CA-34
                                          :
v.                                        :      Trial Court Case No. 13-CR-575A
                                          :
PEDRO A. REYES :      (Criminal Appeal from
                                          :       Common Pleas Court)
    Defendant-Appellant :
                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of April, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

WILLIAM O. CASS, Atty. Reg. No. 0034517, 135 W. Dorothy Lane, Suite 117, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

PEDRO A. REYES, #696-507, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Pedro A. Reyes[1] appeals from a judgment of the Clark County Court of Common Pleas, which denied, without a hearing, his post-sentence motion to withdraw his guilty plea. For the following reasons, the trial court's judgment will be affirmed.

### I. Procedural History

{¶ 2} In August 2013, Reyes and two co-defendants were charged in a twenty-count indictment with engaging in a pattern of corrupt activity with a firearm specification, conspiracy to commit engaging in a pattern of corrupt activity with a firearm specification, and numerous counts of money laundering, trafficking in cocaine, and possession of cocaine; eleven of the twenty counts alleged unlawful conduct by Reyes. The indictment also included a forfeiture specification; with respect to Reyes, the specification sought forfeiture of United States currency, three vehicles, and various weapons.

{¶ 3} On December 17, 2013, Reyes pled guilty to trafficking in cocaine in an amount greater than or equal to 100 grams (Count Three), a first-degree felony, and money laundering (Count Five), a third-degree felony. In exchange for the plea, the State agreed to dismiss, with prejudice, the counts of engaging in a pattern of corrupt activity with a firearm specification (Count 1), conspiracy to commit engaging in a pattern of corrupt activity with a firearm specification (Count 2), possession of cocaine (Counts 4 and 8), money laundering (Count 6), and trafficking in cocaine (Count 7). The State also

---

[1] The indictment referred to Reyes as Pedro Arriaga aka Pedro Arriaga-Reyes, and the trial court record includes several variations of Reyes's name. However, Reyes's pro se motion to withdraw his guilty plea was captioned with Pedro A. Reyes, Reyes referred to himself in his supporting affidavit as Pedro Reyes, and he signed his affidavit as Pedro Arriaga Reyes. Reyes's pro se notice of appeal is also captioned as "State of Ohio v. Pedro A. Reyes." We will refer to Reyes consistent with his pro se filings and the caption of this appellate case.

agreed to dismiss, without prejudice, two additional counts of trafficking in cocaine (Counts 14 and 15) and one additional count of possession of cocaine (Count 16). The parties agreed that Reyes would serve a mandatory sentence of eleven years in prison on Count Three and two years in prison on Count Five, to be served consecutively. In addition, Reyes agreed to forfeit all of the items listed in the forfeiture specification, with the exception of a 2003 Silverado (item B).

{¶ 4} On the same date (December 17, 2013), the trial court sentenced Reyes as agreed by the parties. The court filed its judgment entry the following day. Reyes did not appeal his conviction.

{¶ 5} On February 23, 2017, Reyes filed a motion to withdraw his plea, pursuant to Crim.R. 32.1. Reyes argued that his plea to trafficking in cocaine was not knowing, intelligent, and voluntary, because he did not understand the nature of the offense or the maximum sentence involved. Specifically, Reyes asserted that he was not told that the offense level was based on the amount of cocaine, without fillers, that he had possessed, and he claimed that the State could not establish the amount of cocaine without fillers. Reyes relied on *State v. Gonzales*, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405 (*Gonzales I*), which held that in prosecutions for possession of cocaine, the offense level is determined by the weight of only the actual cocaine, not by the total weight of the cocaine plus any filler.[2]

{¶ 6} Reyes supported his motion with an affidavit that stated, in part:

---

[2] The supreme court's analysis of whether the offense level is determined by the weight of only the actual cocaine or by the total weight of the cocaine plus any fillers is equally applicable to possession of cocaine and trafficking in cocaine. *Compare* R.C. 2925.03(C)(4) and R.C. 2925.11(C)(4).

3. That at no time did the court, prosecuting attorney or my defense attorney explain to me that the nature of the drug charge was that the weight of the drug had to be proven beyond a reasonable doubt if the case went to trial by bench or jury.

4. That as a result I did not understand the nature of the drug charge I pled to nor did I understand the maximum penalty that could have been imposed pursuant to Ohio Criminal Rule 11(C), and or the Constitution of Ohio and the United States.

5. That as a result my guilty plea was not entered knowingly, intelligently, and voluntarily.

6. That I believe that I am actually innocent of the drug charge as a first degree felony and major drug offender and that a manifest miscarriage of justice has resulted * * *.

{¶ 7} The State opposed the motion, arguing that the Ohio Supreme Court had reconsidered *Gonzales I* and reversed its position. *See State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419 (*Gonzales II*). The trial court denied Reyes's motion.

{¶ 8} Reyes appeals from the denial of his motion to withdraw his guilty plea.

{¶ 9} Reyes's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found "no meritorious issue for appeal." Counsel stated, as a potential assignment of error, that Reyes's plea was not knowing, intelligent and voluntary. We informed Reyes that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date

to file a pro se brief. On October 16, 2017, Reyes filed a pro se brief, raising four potential assignments of error.

## II. *Anders* Review Standard

{¶ 10} In general, the constitutional right to counsel does not apply to post-conviction matters. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (a criminal defendant's constitutional right to the appointment of counsel "extends to the first appeal of right, and no further."). Consequently, a criminal defendant generally is not entitled to counsel for a post-sentence motion to withdraw a plea. *Contrast State v. Strickland*, 2d Dist. Montgomery No. 25673, 2014-Ohio-5451, ¶ 15 (criminal defendant is entitled to counsel at a hearing on a pre-sentence motion to withdraw a plea). Although not required, this court has elected, in its discretion, to appoint counsel for Reyes in this appeal. Having done so, Reyes has the concordant right to have his appellate counsel advocate on his behalf, provided that his appeal is not frivolous. Accordingly, even though Reyes has filed a pro se brief, we review this appeal in accordance with *Anders* and consider whether Reyes's and his appellate counsel's potential assignments of error are frivolous. *See State v. Harris*, 2d Dist. Montgomery No. 27179, 2017-Ohio-9052, ¶ 5.

{¶ 11} In addition, we continue to have the obligation to review the record for any non-frivolous issues. *Id.*; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). In this case, this obligation does *not* require us to review the record as if the matter were a direct appeal of Reyes's conviction. Rather, we must consider the record to determine whether there are any non-frivolous issues related to the judgment on appeal, i.e., the denial of Reyes's motion to withdraw his guilty plea.

### III. Reyes's and his Counsel's Potential Assignments of Error

{¶ 12} Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1; *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 16. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, citing *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999).

{¶ 13} Withdrawal of a plea after sentencing is permitted only in the most extraordinary cases. *State v. Jefferson*, 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 17, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "The defendant bears the burden of establishing the existence of a manifest injustice, and whether that burden has been met is an issue within the sound discretion of the trial court." *Wilson* at ¶ 18.

{¶ 14} In February 2017, more than three years after his guilty plea, Reyes sought to withdraw his plea based on the Ohio Supreme Court's opinion in *Gonzales I*, which was rendered on December 23, 2016. However, in *Gonzales II*, decided on March 6, 2017, the Ohio Supreme Court held on reconsideration that "the entire 'compound, mixture, preparation, or substance,' including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)." *Gonzales II*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, at ¶ 3.

{¶ 15} In his *Anders* brief, appellate counsel states that Reyes has no meritorious argument based on *Gonzales I*, because *Gonzales II* "removed the basis of [Reyes's] motion." We agree with appellate counsel's assessment. Appellate counsel's potential assignment of error that Reyes's plea was not knowing, intelligent, and voluntary based on *Gonzales I* is frivolous.

{¶ 16} Reyes's first and second potential assignments of error state:

The trial court erred to the prejudice of the [A]ppellant where the court granted the Appellee-State of Ohio a summary judgment on the pleadings alone in violation of Appellant's absolute right to procedural due process of law as guaranteed by the 14th Amendment to the United States Constitution and Article I, Section 16, Ohio Constitution.

The trial court committed reversible error in violation of the Appellant's absolute right to procedural due process of law in not ordering and conducting an evidentiary hearing and making and filing findings of fact and conclusions of law.

{¶ 17} In these potential assignments of error, Reyes argues that the trial court erred in denying his motion to withdraw his plea based on *Gonzales II*, as a matter of law, without an evidentiary hearing and without making factual findings. Reyes emphasizes that he provided an affidavit in support of his motion, whereas the State presented no evidence in opposition to the motion. Reyes contends that the trial court erroneously granted summary judgment to the State.

{¶ 18} We find no arguably meritorious claim that the trial court erred in failing to hold an evidentiary hearing and in ruling on Reyes's motion as a matter of law. Reyes's

motion was based on his assertion that he was not notified that, for his trafficking in cocaine offense, the offense level is based on the amount of cocaine without fillers. Reyes claimed that he was actually innocent, because the State could not prove that he trafficked 100 grams or more of actual cocaine. These claims were based on the holding of *Gonzales I*.

{¶ 19} In light of *Gonzales II*, however, the offense level for trafficking in cocaine is based on the entire compound, including any fillers. Accordingly, even accepting the allegations in Reyes's motion and the statements in his affidavit, Reyes's allegations and statements did not create an arguable claim that he was incorrectly informed about the nature of his trafficking in cocaine offense or that a manifest injustice occurred. No evidentiary hearing was needed. The trial court could, and properly did, determine the motion as a matter of law and without a hearing.

{¶ 20} Reyes's first and second proposed assignments of error are frivolous.

{¶ 21} Reyes's third and fourth proposed assignments of error state:

The trial court's final determination that *Gonzalez [sic] II* overruled *Gonzalez [sic] I* is void as depriving Appellant of his absolute right to procedural due process of law as guaranteed under the 14th Amendment to the U.S. Constitution as well as Article I, Section 16, Ohio Constitution.

The trial court's final judgment is void because it and *Gonzalez [sic] II* is violative of the Ex Post Facto Clause of the Federal and State Constitution.

{¶ 22} In his third proposed assignment of error, Reyes contends that *Gonzales II* "cannot be controlling authority," because the Ohio Supreme Court's reconsideration of *Gonzales I* contravened S.Ct.Prac.R. 18.02(B). S.Ct.Prac.R. 18.02(B) states, in part,

that a "motion for reconsideration shall not constitute a reargument of the case." Reyes's fourth assignment of error contends that *Gonzales II* "retrospectively reduce[d] the quantum of evidence required to convict Appellant under *Gonzale[s] I*."

**{¶ 23}** As an intermediate court of appeals, we cannot review whether the Ohio Supreme Court properly granted the State's motion for reconsideration of *Gonzales I*. And, we are bound to follow the law as set forth by the Ohio Supreme Court; we cannot make a determination that conflicts with a decision of the Ohio Supreme Court that has not been reversed or overruled. *State v. Stewart*, 2d Dist. Miami No. 2016-CA-13, 2017-Ohio-2785, ¶ 12. Reyes's third proposed assignment of error is frivolous.

**{¶ 24}** Finally, Reyes's ex post facto argument has no arguable merit. At the time of Reyes's conviction in 2013, this court had rejected the argument that the State was required to segregate the cocaine from other ingredients when determining the weight of the controlled substance. *E.g., State v. Smith*, 2d Dist. Greene No. 2010-CA-36, 2011-Ohio-2568, ¶ 12 ("Case law does not support Smith's claim that the State was required to segregate the cocaine from the other ingredients in the substance."); *State v. Bailey*, 2d Dist. Montgomery No. 21123, 2005-Ohio-6669, ¶ 8 (rejecting an argument "that the filler should not be included in determining the weight of the controlled substance"); *State v. Combs*, 2d Dist. Montgomery No. 11949, 1991 WL 214208 (Sept. 10, 1991) ("*any amount* of cocaine is sufficient to subject a defendant to criminal liability under R.C. 2925.03(A)(6) when found in a compound, mixture, preparation or substance that satisfies the required statutory weight or dosage").

**{¶ 25}** *Gonzales I* addressed the conflict between our judgment in *Smith* and the Sixth District's determination in *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-

Ohio-461, that the State must prove that the weight of actual cocaine meets the statutory threshold. *Gonzales I* agreed with the Sixth Circuit's interpretation that the offense level was determined by the weight of actual cocaine, not by the total weight of the cocaine plus any filler. On reconsideration, *Gonzales II* held, consistent with *Smith*, that the weight of the entire compound, mixture, preparation, or substance was to be considered in determining the offense level.

{¶ 26} Stated simply, *Gonzales II* did not reduce the "quantum of evidence" required to convict Reyes. Rather, *Gonzales II* is consistent with the law in effect at the time of his plea.

{¶ 27} In summary, each of the proposed assignments of error by Reyes and his appellate counsel is frivolous. And upon an independent review of the record, we find no non-frivolous issues related to Reyes's appeal from the denial of his motion to withdraw his plea.

### IV. Conclusion

{¶ 28} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Andrew P. Pickering
William O. Cass
Pedro A. Reyes
Hon. Douglas M. Rastatter