JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Antonio Graves ("defendant"), appeals the trial court's resentencing order, which added postrelease control to his prison term. For the following reasons, we affirm.
 {¶ 2} On June 23, 1999, defendant pled guilty to three counts of aggravated robbery with a one-year firearm specification and one count of having a weapon while under disability, and was sentenced to 10 years incarceration. The trial court did not impose postrelease control. The State of Ohio did not appeal the omission of postrelease control from defendant's sentence.
 {¶ 3} On June 5, 2007, prior to defendant's scheduled release from prison, the trial court conducted a new sentencing hearing and resentenced defendant to the identical 10-year term it had previously ordered, but added a term of five years of postrelease control. An entry was journalized reflecting the resentencing.
 {¶ 4} It is from this order that defendant now appeals and raises five assignments of error for our review, which shall be addressed together and out of order where appropriate.
 {¶ 5} "I. The trial court erred in failing to follow R.C. 2929.191
when it added postrelease control to appellant's original sentence."
 {¶ 6} In his first assignment of error, defendant claims that the trial court erred by conducting a de novo resentencing instead of merely using a nunc pro tunc journal entry to impose the term of postrelease control. *Page 4 
 {¶ 7} The Ohio Supreme Court has held that pursuant to R.C. 2929.191(C), the trial court is required to conduct a resentencing hearing in order to notify felony offenders about postrelease control. See State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶ 16. Thus, solely issuing a nunc pro tunc entry would not have sufficed. SeeState v. Phillips, Logan App. No. 8-06-14, 2007-Ohio-686, at ¶ 24. See, also, State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085 (incorporating notice into a journal entry imposing sentence is insufficient.)
 {¶ 8} Assignment of Error I is overruled.
 {¶ 9} "II. The trial court's imposition of postrelease control after appellant had served eight and a half years of a ten-year sentence violated his due process rights.
 {¶ 10} "III. The trial court's sua sponte addition of postrelease control to appellant's original sentence constituted a double jeopardy violation."
 {¶ 11} In his second and third assignments of error, defendant argues that the trial court's imposition of postrelease control violated his due process rights of finality and double jeopardy.
 {¶ 12} Ohio courts have consistently held that when a trial court fails to sentence an offender to postrelease control, the sentence for that offense is void and the offender must be resentenced. State v.Bezak, supra; State v. Simpkins, Slip Opinion, 2008-Ohio-1197; State v.McShepard, Lorain App. No. 06CA009024.
 {¶ 13} Ohio courts have repeatedly addressed the due process claims raised by the defendant and have consistently held that "such resentencing does not violate *Page 5 
finality or double jeopardy restraints because jeopardy does not attach to a void sentence." See State v. Simpkins, supra at ¶ 37; State v.Powell, Mercer App. No. 10-07-12, 2008-Ohio-1012; State v. Jordan, supra at ¶ 25; State v. Beasley (1984), 14 Ohio St.3d 74, 75 (trial court's correction of a statutorily incorrect sentence did not violate appellant's right to be free from double jeopardy); State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429 (an invalid sentence for which there is no statutory authority is a circumstance under which there can be no expectation of finality to trigger the protections of the double jeopardy clause). Accordingly, we decline to revisit this issue. Pursuant to current state case law, R.C. 2929.191 allows a court to conduct a resentencing hearing and issue a corrective entry in order to correct a sentence that is void for failing to sentence the offender to postrelease control and does not violate the defendant's rights.
 {¶ 14} Assignments of Error II and III are overruled.
 {¶ 15} "IV. The trial court's `after-the-fact' imposition of postrelease control violated R.C. 2929.14(F) and R.C. 2967.28."
 {¶ 16} In his fourth assignment of error, defendant argues that the trial court's imposition of postrelease control violates the "spirit" of R.C. 2929.14 and R.C. 2967.28, which were enacted to ensure accuracy in sentencing and proper notice to defendants. Citing Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, defendant claims that the trial court may not impose after-the-fact notification *Page 6 
requirements on a defendant where the original sentencing makes no reference to postrelease control.
 {¶ 17} Defendant's reliance on Hernandez is misplaced. InHernandez, the Ohio Supreme Court held that the defendant could not be resentenced to impose the mandatory period of postrelease control because he had already completed the term of imprisonment that had been imposed by the trial judge. Here, unlike in Hernandez, the defendant has not yet been released from prison. Accordingly, the rationale behindHernandez, a defendant should not be held for violating conditions which had not properly been imposed when he had completed the portion of the sentence that had been properly imposed, does not apply to the defendant within. Indeed, the Ohio Supreme Court has recently addressed this very distinction and held that a trial court is "authorized to correct the invalid sentence to include the appropriate, mandatory postrelease-control term" where the defendant's sentence has not yet been completed. See State v. Simpkins, supra, citing State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795 at ¶ 28;State v. Bezak, supra at 12.
 {¶ 18} Assignment of Error IV is overruled.
 {¶ 19} "V. The trial court erred in adding postrelease control to appellant's original sentence as the addition was precluded by the doctrine of res judicata when the State failed to appeal the omission of postrelease control from appellant's original sentence." *Page 7 
 {¶ 20} In his fifth assignment of error, defendant argues that the trial court is barred by res judicata from imposing postrelease control, since the State failed to directly appeal the original sentence that failed to include it.
 {¶ 21} A trial court's failure to sentence a defendant to postrelease control at the time of the original sentencing as statutorily mandated renders the sentence void. See supra. Accordingly, the State's failure to appeal an illegal or void sentence does not negate the trial court's duty to impose sentences according to law or to resentence a defendant to correct a void sentence. See Ramey, supra at ¶ 12, citing State v.Thomas (1996), 111 Ohio App.3d 510, 512; State v. Creager, Clermont App. No. 2007-01-007, 2007-Ohio-5188, ¶ 12; State v. Phillips, supra at ¶ 28. Indeed, the Ohio Supreme Court recently addressed this very issue and held that the doctrine of res judicata is inapplicable to sentences that are void. See State v. Simpkins, supra at ¶ 30.
 {¶ 22} Finally, R.C. 2929.191 authorizes a court to resentence an offender "at any time before the offender is released from imprisonment" and, therefore, is not limited to doing so only on direct appeal by the State. See State v. Powell, supra at ¶ 18, citing State v.Sharpless, Portage App. No. 2006-P-0088, 2007-Ohio-1922, at ¶ 40.
 {¶ 23} Assignment of Error V is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed. *Page 8 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR *Page 1