JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, David Gumins ("Gumins"), appeals the trial court's resentencing order that added postrelease control to his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2001, Gumins pled guilty to an amended charge of robbery and was sentenced to an aggregate of three years in prison. At his sentencing hearing, the trial court did not impose postrelease control, but stated that his "sentence includes any extensions provided by law." The State did not appeal the omission of postrelease control from Gumins' sentence.
 {¶ 3} On August 27, 2007, one day prior to Gumins' scheduled release from prison, the trial court conducted a de novo sentencing hearing. The court resentenced Gumins to the same prison term of three years and added three years of postrelease control.
 {¶ 4} Gumins now appeals, raising six assignments of error for our review, which shall be addressed together where appropriate.
 {¶ 5} In the first assignment of error, Gumins argues that the trial court erred in failing to follow R.C. 2929.191 when it added postrelease control to his original sentence. He contends that the trial court should have issued a nunc pro tunc journal entry to add postrelease control instead of conducting a de novo hearing. In the second assignment of error, he argues that the trial court *Page 3 
violated his constitutional right to due process by imposing postrelease control "after he served his entire sentence minus one day." In the third assignment of error, he argues that the trial court's imposition of postrelease control violated his constitutional right against double jeopardy. In the fourth assignment of error, Gumins argues that the trial court's "after-the-fact" imposition of postrelease control violated R.C. 2929.14(F) and 2967.28. He claims that the trial court cannot "after-the-fact" modify a sentence when the original sentence made no reference to postrelease control. In the fifth assignment of error, he argues that the trial court's imposition of postrelease control is barred by the doctrine of res judicata because the State failed to appeal the omission from his original sentence.
 {¶ 6} The State argues that State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, 884 N.E.2d 568, controls and mandates an affirmance of Gumins' sentence. We agree.
 {¶ 7} In Simpkins, the Ohio Supreme Court examined a situation similar to the instant case, where the defendant's original sentence did not include a term of postrelease control. Prior to his release, the State moved to resentence Simpkins. The trial court held a hearing, while Simpkins was still in prison, resentenced him to the same prison term it had previously imposed, and added five years of postrelease control to his sentence. Id. at ¶ 2. *Page 4 
 {¶ 8} The Simpkins court stated that in State v. Bezak,114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, it reaffirmed the vitality ofState v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, by concluding that a defendant is entitled to a new sentencing hearing in cases in which his sentence does not include the proper period of postrelease control.[1] Id. at ¶ 19.
 {¶ 9} The court held that: "[i]n cases in which a defendant * * * pleads guilty to an offense for which postrelease control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have postrelease control imposed on the defendant unless the defendant has completed his sentence." Id. at the syllabus.
 {¶ 10} Moreover, in State v. Graves, Cuyahoga App. No. 90080,2008-Ohio-3037, this court, relying on Simpkins and Bezak, recently addressed the same five assignments of error Gumins raises. *Page 5 
 {¶ 11} In Graves, we found that the trial court did not err by imposing postrelease control on the defendant at a new sentencing hearing, while the defendant was still in prison. We held that the trial court was required to hold a de novo "hearing in order to notify felony offenders about postrelease control." Id. at ¶ 7. Merely issuing a nunc pro tunc entry will not suffice. Id.
 {¶ 12} Furthermore, we found that "Ohio courts have consistently held that when a trial court fails to sentence an offender to postrelease control, the sentence for that offense is void and the offender must be resentenced." Graves, at ¶ 12, citing Bezak. This "resentencing does not violate finality or double jeopardy restraints because jeopardy does not attach to a void sentence." Id. at ¶ 13, citing Simpkins.
 {¶ 13} We also found that a trial court is "`authorized to correct the invalid sentence to include the appropriate, mandatory postrelease-control term' where the defendant's sentence has not yet been completed." Id. at ¶ 17, citing Simpkins; State ex rel. Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263;Bezak. Lastly, we found that because the trial court's failure to add postrelease control to the original sentence renders that sentence void, the State's failure to appeal "does not negate the trial court's duty to impose sentences according to law or to resentence a defendant to correct a void sentence." Id. at ¶ 21, citing State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429. Thus, the doctrine of res judicata is inapplicable to sentences that *Page 6 
are void. Id. at ¶ 21, citing Simpkins.
 {¶ 14} Accordingly, the first through fifth assignments of error are overruled.
 {¶ 15} In the sixth assignment of error, Gumins argues that the trial court erred in sentencing him without first providing him with the right to allocution. He argues that his case should be reversed because he was not invited to address the court, despite admitting that "the trial court's omission in this regard was likely unintentional. The trial court allowed both sides the opportunity to argue at the sentencing hearing."
 {¶ 16} Crim. R. 32 describes the trial court's duty when imposing a sentence. Crim. R. 32(A)(1) provides in pertinent part:
 {¶ 17} "* * * At the time of imposing sentence, the court shall do all of the following:
 Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 18} However, we note that the trial court's failure to address the defendant is not prejudicial in every case. State v. Campbell,90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178. In Campbell, the Ohio Supreme Court held that "[i]n a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim. R. 32(A), resentencing is required unless the error is invited *Page 7 
error or harmless error." Id. paragraph three of the syllabus.
 {¶ 19} Under the doctrine of invited error, a litigant may not "take advantage of an error which he himself invited or induced." Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20,502 N.E.2d 590, paragraph one of the syllabus.
 {¶ 20} As the Ohio Supreme Court declared:
 "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted.
 It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible." State v. Kollar (1915), 93 Ohio St. 89, 91, 112
N.E. 196.
 {¶ 21} In the instant case, a review of the record reveals that the trial court stated, "On behalf of the defendant, is there a statement that you would like to make prior to the Court imposing sentence?" Defense counsel spoke at length regarding his objection to a full sentencing hearing. Counsel suggested that the court add postrelease control to Gumins' sentence with a nunc pro tunc entry instead of a de novo hearing. Counsel further stated that Gumins' original three-year sentence reflected Gumins' full admission to the case. At the end of the sentencing hearing, Gumins asked the court if he could speak, and the court *Page 8 
allowed him to speak, without any interruption.
 {¶ 22} Although the trial judge did not personally address Gumins, there is no indication on the record that this omission was brought to the court's attention by Gumins or defense counsel. The record reveals that the trial court invited Gumins or his counsel to speak prior to sentencing and did not prevent them from speaking. Gumins has not demonstrated how he was prejudiced by the trial court's failure to specifically inquire of him whether he had anything to say in his defense, especially when defense counsel objected to a de novo hearing, stated that Gumins' original sentence reflected his full admission to the case, and Gumins was resentenced to the same term as his original sentence.[2] See State v. Keeton, Richland App. No. 2007-CA-13,2007-Ohio-6342; Richmond Hts. v. Uy (Oct. 19, 2000), Cuyahoga App. No. 77117. Thus, we find that the trial court properly imposed sentence on Gumins, and his right to allocution was not violated.
 {¶ 23} Accordingly, the sixth assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MELODY J. STEWART, J., CONCUR
[1] In Bezak, the Ohio Supreme Court held that R.C. 2929.191(C) requires the trial court to conduct a de novo resentencing hearing in order to notify defendants of postrelease control.
[2] Moreover, Gumins' sentence was nearly completed at the time of the resentencing so there was little to be said in mitigation. Thus, any error was harmless. *Page 1