[Cite as *State v. Melendez*, 2019-Ohio-533.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106994**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ESTARLING MELENDEZ**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-03-436652-ZA

**BEFORE:** Keough, J., Kilbane, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 14, 2019

**ATTORNEY FOR APPELLANT**

Donald M. Gallick
The Law Offices of Donald Gallick
190 North Union Street, #102
Akron, Ohio 44304


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Frank Romeo Zeleznikar
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Estarling Melendez, appeals the trial court's decision denying his request to make an oral presentence motion to withdraw his guilty plea during a resentencing hearing. For the following reasons, we affirm.

{¶2} In 2003, Melendez pleaded guilty to murder and was sentenced to "15 years to life in prison," and a five-year term of postrelease control. On the same date, he was also sentenced on an unrelated case where he pleaded guilty to robbery. Melendez did not appeal his convictions.

{¶3} In January 2018, Melendez filed a motion "to correct the facially illegal sentence," contending that pursuant to this court's decision in *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167, he should have been sentenced to "an indefinite term of fifteen years to life." He also maintained that the imposition of postrelease control was improper. Despite the arguments raised, the motion did not contain any argument that his plea was invalid. Melendez

requested that the court appoint him counsel, conduct a hearing, and reenter judgment and sentence.

**{¶4}** The state agreed with Melendez that he would not be subject to postrelease control for murder, an unclassified felony, and that R.C. 2929.02(B)(1) requires the imposition of a mandatory sentence of "an indefinite term of 15 years to life."

**{¶5}** The trial court held a hearing on Melendez's motion. The parties agreed that the motion should be granted, and the state maintained that Melendez's sentence should be corrected to include that the sentence is "an indefinite term of 15 years to life" and to remove the term of postrelease control.

**{¶6}** During the hearing, however, Melendez's appointed counsel notified the court that Melendez wanted to vacate his plea because the penalty notifications rendered his plea "null and void." (Tr. 4.) Counsel advised the court that he was not prepared to argue the merits of Melendez's oral motion to withdraw his plea because the purpose of the hearing was to consider the motion to correct the sentence. Melendez stated to the court that, as part of his plea agreement, he was advised he could receive postrelease control after serving 15 years in prison. The state agreed that the imposition of postrelease control on the murder offense was in error and that Melendez had already served his entire sentence on the unrelated robbery offense, and was thus not subject to any term of postrelease control.

**{¶7}** The trial court declined to entertain any argument regarding Melendez's oral motion to withdraw his plea because the purpose of the hearing was to decide the motion to correct the illegal sentence, which the court granted. The court advised Melendez that if he wished to withdraw his plea, he should file a motion following the hearing. After receiving brief comments from defense counsel and the state, the trial court imposed the mandatory sentence of "an

indefinite term of 15 years to life" on the murder offense. The court noted that any reference to the term of postrelease control in the original sentencing entry would be deleted.

{¶8} Melendez now appeals, raising three assignments of error.

## I. Withdraw of Guilty Plea

{¶9} In his first assignment of error, Melendez contends that he suffered a denial of procedural due process under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I of the Ohio Constitution when the trial court refused to allow him to make, and argue in favor of, an oral motion to withdraw a presentence guilty plea. The state contends that Melendez's motion was a postsentence motion because the sentencing hearing was not de novo, but merely a limited resentencing to correct a "flawed sentence."

{¶10} Crim.R. 32.1 permits a defendant to move to withdraw his plea at any time prior to sentencing; but to correct a manifest injustice after sentencing, the court may set aside the judgment of conviction and permit the defendant to withdraw his plea.

{¶11} Although the trial court did not consider the merits of Melendez's oral motion to withdraw his plea, we can glean from the record that Melendez sought to withdraw his plea based on the erroneous advisement that he would be subject to postrelease control if and when he was released from prison. Melendez stated:

> Because part of my plea agreement — my plea bargain was part of — with the Court was that I was supposed to get post-release [sic] control for all my cases, right, with the murder — whatever. That was part of the plea agreement. The Judge did what she did right and sentenced me to life term on that, right. That was part of my plea agreement was post-release [sic] control.

(Tr. 7-8.)

{¶12} A motion to withdraw a guilty plea is treated as a postsentence motion under Crim.R. 32.1 when the motion attacks the failure to comply with statutory requirements

regarding the imposition of postrelease control. *State v. Skipworth*, 8th Dist. Cuyahoga No. 103701, 2016-Ohio-3069; *State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 24. Therefore, Melendez's oral motion to withdraw his guilty plea is a postsentence motion where Melendez must demonstrate that a manifest injustice occurred that warrants the withdrawal of his plea. This burden is the same whether the court would have considered his oral motion or a subsequent written motion filed on a later date. *See State v. Temp*, 8th Dist. Cuyahoga No.101265, 2014-Ohio-4934 (Crim.R. 32.1 does not prescribe a time limitation for filing a postsentence motion to withdraw a plea.). Because the trial court stated it would consider Melendez's motion if he filed it after the hearing, Melendez cannot demonstrate that was prejudiced by the trial court's decision not to consider his oral motion to withdraw his plea during the hearing on his pro se motion to correct an illegal sentence.

**{¶13}** The assignment of error is overruled.

## II. Effective Assistance of Counsel

**{¶14}** In his second assignment of error, Melendez contends that his counsel was ineffective for failing to (1) seek a continuance to file a written motion to withdraw the guilty plea before sentencing, and (2) object to the trial court's decision to not allow the motion to withdraw until after resentencing.

**{¶15}** As previously determined, Melendez's oral motion to withdraw his plea was a postsentence motion. A defendant does not have a right of counsel regarding a postsentence motion to withdraw a guilty plea. *State v. Meadows*, 6th Dist. Lucas L-05-1321, 2006-Ohio-2622. Accordingly, because Melendez did not have a constitutional right to counsel,

he cannot be deprived of effective assistance of counsel. *See, e.g., State v. Carter*, 93 Ohio St.3d 581, 582, 757 N.E.2d 362 (2001).

{¶16} The second assignment of error is overruled.

### III. Right of Allocution

{¶17} Melendez contends in his third assignment of error that the trial court violated Crim.R. 32(A) when it did not offer him the right of allocution.

{¶18} Crim.R. 32(A)(1) provides that, at the time of imposing sentence, the trial court shall, "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶19} However, the trial court's failure to address the defendant is not prejudicial in every case. *State v. Campbell*, 90 Ohio St.3d 320, 325, 738 N.E.2d 1178 (2000). In *Campbell*, the Ohio Supreme Court held that "[i]n a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *Id.* at paragraph three of the syllabus; *see also State v. Gumins*, 8th Dist. Cuyahoga No. 90447, 2008-Ohio-4238.

{¶20} In considering whether an error is harmless, this court must determine whether the error "affect[ed] substantial rights" of the defendant, meaning that the error affected the outcome of the trial court proceedings causing prejudice to the defendant. *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7, citing *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.E.2d 508 (1993).

**{¶21}** In this case, the trial court asked defense counsel "what [he] would like to say on behalf of your client * * * with regard to sentencing." Counsel responded briefly, stating "we already stated what —," and then agreeing with the trial court regarding what the appropriate sentence would be based on the actual conviction. (Tr. 10.) Although the trial court did not personally address Melendez at this time, Melendez has not demonstrated how he was prejudiced by the trial court's failure to specifically inquire of him whether he had anything to say in his defense. The only sentence the court could impose for a conviction of murder in violation of R.C. 2929.02(B)(1) was an indefinite 15 years to life sentence. The sentence was statutory, and no judicial discretion was involved in imposing this sentence. Accordingly, any error by the trial court in not affording Melendez the right of allocution was harmless. Moreover, we note that during his original sentencing in 2003, Melendez was afforded the right of allocution where he apologized for committing the crimes.

**{¶22}** Melendez's third assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY EILEEN KILBANE, A.J., DISSENTS WITH SEPARATE OPINION


MARY EILEEN KILBANE, A.J., DISSENTING:

{¶24} I respectfully dissent. I would find that Melendez was deprived of his right to allocution.

{¶25} A review of the resentencing transcript reveals that the trial court asked defense counsel if he wanted to speak prior to sentencing, and then stopped counsel, asking if he knew what the sentence would be based on the actual conviction. At no point did the trial court personally ask Melendez if he wanted to speak prior to the imposition of sentence. Immediately after the trial court imposed the sentence, Melendez asked, "[c]an I say something" to which the court replied, "[n]o."

{¶26} While there was no judicial discretion involved in the imposition of Melendez's sentence, the record is clear that the court interrupted defense counsel, did not personally address Melendez, and did not give him any opportunity to speak. "[A] judge_ must 'painstakingly' guarantee the right of allocution at sentencing because it is 'much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse.'" *State v. Sanders*, 8th Dist. Cuyahoga No. 81450, 2003-Ohio-1163, ¶ 13, quoting *State v. Green*, 90 Ohio St.3d 359-360, 2000-Ohio-182, 738 N.E.2d 1208.

{¶27} In light of the foregoing, I would sustain the third assignment of error, finding that Melendez was not afforded the right of allocution at his resentencing and there are no factors warranting harmless error. *State v. King*, 8th Dist. Cuyahoga No. 95972, 2011-Ohio-3985, ¶ 8.