[Cite as *State v. Melendez*, 2020-Ohio-6736.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109199 |
| v. | : | |
| ESTARLING MELENDEZ, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 17, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-03-436652-ZA and CR-03-436653-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Gregory T. Stralka, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Estarling Melendez ("Appellant") appeals the trial court's denial of his motion to withdraw guilty plea, filed 16 years after he entered pleas of guilty to murder and aggravated robbery. We affirm the trial court's denial of the

motion, finding the motion was barred by res judicata and that, even if not barred, he did not demonstrate a manifest injustice occurred. Further, his arguments that he should be released from prison because his sentence gave him an expectation of finality of release in 15 years cannot be raised for the first time on appeal and are otherwise without merit.

STATEMENT OF THE CASE AND FACTS

{¶ 2} On September 5, 2003, Appellant was convicted in Cuyahoga C.P. No. CR-03-436652-ZA of murder in violation of R.C. 2903.02 after entering into a plea bargain with the state. The trial court sentenced him to 15 years to life and imposed a five-year term of postrelease control. On that same date, he was convicted in Cuyahoga C.P. No. CR-03-436653-A of aggravated robbery in violation of R.C. 2911.03 and a concurrent prison sentence was imposed. He has served the sentence for aggravated robbery in that case. No direct appeal of his convictions was taken.

{¶ 3} On January 22, 2018, fifteen years after his convictions, Appellant filed a "Motion to Correct a Facially Illegal Sentence." In that motion, he argued the trial court erred in imposing sentence, stating it should have sentenced him to an "indefinite" term of imprisonment of 15 years to life and that the trial court improperly imposed postrelease control on his sentence for murder. On March 8, 2018, the trial court granted the motion and resentenced him. He appealed; we affirmed. *State v Melendez*, 8th Dist. Cuyahoga No. 106994, 2019-Ohio-533, *appeal not accepted*, 155 Ohio St.3d 1439, 2019-Ohio-1536, 121 N.E.3d 410, *application for*

*reopening denied*, 8th Dist. Cuyahoga No. 106994, 2019-Ohio-2212, *appeal not accepted*, 157 Ohio St.3d 1407, 2019-Ohio-3731, 131 N.E.3d 81.

{¶ 4} In the appeal of his resentencing hearing, Appellant argued he should have been permitted to withdraw his plea. We determined the trial court properly limited the scope of the hearing to the resentencing. *Melendez*, 2019-Ohio-533, at ¶ 12. He argued that he suffered ineffective assistance of counsel; we found he did not. *Id.* at ¶ 15. Finally, he argued that the trial court violated Crim.R. 32(A) by not providing him the ability to allocute at that hearing. We found it did not. *Id.* at ¶ 21.

{¶ 5} On October 11, 2019, Appellant filed a "Motion to Withdraw Plea Crim.R. 32.1," arguing that in 2003, he "was unaware of the fact that his guilty plea sentence required an indefinite term of 15 years to life sentence for murder, instead of the unlawful 15-year to life sentence that was imposed." He also claimed the plea was not accepted on the record. The state responded, arguing that 1) the plea was properly accepted on the record, 2) the motion to withdraw was untimely, 3) the motion to withdraw was barred by res judicata, and 4) that a manifest injustice did not occur in this case. On October 24, 2019, the trial court denied the motion, finding that at the plea hearing it "advised Mr. Melendez that by pleading guilty he faced 'a mandatory penalty of 15 years to life,'" and that it "explained that the Parole Board 'can keep you incarcerated for the remainder of your life.'" The trial court determined that the motion to withdraw was untimely and that Appellant did not demonstrate a manifest injustice. It is this judgment that he now appeals.

LAW AND ANALYSIS

{¶ 6} Appellant argues in his first assignment of error that he should have been allowed to withdraw his guilty plea because it was not knowingly and intelligently made. He argues that this court should review the motion to withdraw as being made prior to the sentence because he was prohibited from making a motion to withdraw plea at the resentencing hearing in 2018. "The Supreme Court of Ohio has stated that under the doctrine of res judicata, '"[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."'" *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, quoting *Kirkhart v. Kepier*, 101 Ohio St.3d 377, 805 N.E.2d 1089 (2004), quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶ 7} Appellant cannot now claim error in the plea proceedings where he simply argues that his 2003 plea was not entered knowingly or intelligently. *State v. Austin*, 8th Dist. Cuyahoga No. 107872, 2019-Ohio- 3101, ¶ 19. ("[B]y failing to file a timely appeal challenging his 1980 guilty pleas and convictions, appellant waived his right to appeal any issues regarding the validity of his guilty pleas."); *see also State v. Brown,* 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421, ¶ 7, ("A Crim.R. 32.1 motion filed after the time for appeal has passed is subject to res judicata and, if it applies, the motion will be denied." (Citations omitted.)) As such, to the extent he argues that the trial court erred at his 2003 plea hearing, his arguments are barred by the doctrine of res judicata. He claims this court should

consider his motion to withdraw plea as one made before sentence because he was prohibited by the trial court from making an oral motion to withdraw plea in 2018. Regardless of whether the motion to withdraw plea is considered presentence or postsentence, it is based solely on the proceedings occurring in 2003. As such, his motion is barred by res judicata. Appellant's first assignment of error is overruled.

{¶ 8} Even if were we to consider Appellant's arguments, we would find that the trial court did not abuse its discretion in denying the "Motion to Withdraw Plea Crim.R. 32.1." Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion to withdraw a guilty plea made prior to sentencing should be liberally granted; but a motion to withdraw a guilty plea made subsequent to sentencing will be granted only upon the demonstration of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977); *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980). This court reviews a trial court's denial of a motion to withdraw for an abuse of discretion and will only reverse where the denial is unreasonable, arbitrary, or unconscionable. *State v. Rogers,* 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 28.

{¶ 9} In 2003, Appellant entered a plea and sentence was imposed. He did not appeal his convictions. The trial court told him that he could be kept in prison for the remainder of his life. His argument that he was misled by the plea colloquy

and the trial court's explanation of the sentence to be imposed are belied by the record.   We have explained that a trial court imposing a prison term of 15 years to life is by its nature indefinite, and a trial court does not error by omitting the specific term "indefinite."  *State v Bandy*, 8th Dist. Cuyahoga No. 108676, 2020-Ohio-808, ¶ 5, citing *State v. Johnson,* 8th Dist. Cuyahoga No. 108419, 2020-Ohio-191, ¶ 18. The record reflects that Appellant was fully informed of the maximum penalty he faced and was told that he could, at the discretion of the parole board, be imprisoned for life.  He has not demonstrated that a manifest injustice occurred, and the trial court did not abuse its discretion in denying the motion to withdraw plea.

{¶ 10} In his second assignment of error, Appellant argues that his expectation in the finality of sentence mandates his immediate release from incarceration, citing a case then pending before the Ohio Supreme Court, *State v. Henderson*, Slip Opinion No. 2020-Ohio-4784.   In *Henderson*, the trial court imposed a definite term of 15 years incarceration instead of an indefinite sentence of 15 years to life.  Neither Henderson or the state appealed the sentence, but years later, the state filed a motion to correct the sentence, arguing that the sentence was void.  The opinion in *Henderson* was released after briefing in this case was completed.  The Ohio Supreme Court determined the motion procedure to correct the sentence was invalid, holding that

> [a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable.

*Id.* at ¶ 43. The court further explained that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *Id.* at ¶ 1.

{¶ 11} Appellant's reliance on *Henderson* is misplaced for three reasons. First, he cannot raise a new issue on appeal. Second, the sentence imposed in this case was a sentence of 15 years to life, not a definite term of incarceration as was imposed in *Henderson*. And third, because there was no direct appeal of the sentence, Appellant cannot now claim error in the sentence.

{¶ 12} Within his motion to withdraw plea, Appellant did not specifically argue that he had an expectation of finality in his sentence. He raises the issue of finality of sentence for the first time on appeal. "As a result, these issues are not properly before this court. The proper procedure is to first raise the issues in the court below." *State v. Reed*, 8th Dist. Cuyahoga No. 106814, 2018-Ohio-4518, ¶ 21. ("'Generally, an appellate court will not consider a legal theory or issue a party failed to raise in the trial court. *See, e.g., State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 1993-Ohio-49, 611 N.E.2d 830.' *In re J.M.G.*, 8th Dist. Cuyahoga No. 98990, 2013-Ohio-2693, ¶ 13.") Because the issue of finality in sentence was not raised in the trial court, we overrule the second assignment of error.

{¶ 13} However, even were we to construe Appellant's motion to withdraw plea as addressing the issue of finality of sentence where Appellant argued that he

was led to believe that he would be released after serving 15 years, we would still find the argument without merit. Appellant claims that the trial court erred in imposing a term of "15 to life" instead of an "indefinite" term of incarceration is evidence of his confusion at the plea. However, we have found that there is no meaningful difference between the trial court's imposition of a sentence of "15 years to life" rather than an "indefinite sentence of 15 years to life." *State v. Johnson*, 8th Dist. Cuyahoga No. 108419, 2020-Ohio-191, ¶ 18 ("A prison term of 'fifteen years to life' for murder is, by its nature, indefinite because it is a prison range defined by minimum and maximum terms."); *State v. Bandy*, 8th Dist. Cuyahoga No. 108676, 2020-Ohio-808, ¶ 16 ("Bandy's sentence is not void despite the trial court failing to include the term "indefinite" in Bandy's sentence.").

{¶ 14} Finally, in this case, the trial court imposed a sentence of 15 years to life. This sentence is factually distinguishable from the sentence imposed in *Henderson*, in which the sentence imposed was a definite sentence of 15 years. Pursuant to *Henderson*, Appellant's failure to raise any issue regarding his sentence on direct appeal renders the sentence voidable, not void, and a challenge to the sentence is barred. *Henderson*, Slip Opinion No. 2020-Ohio-4784, at ¶ 26.

{¶ 15} Appellant's second assignment of error is overruled.

CONCLUSION

{¶ 16} Appellant's motion to withdraw plea filed 16 years after being entered is barred by res judicata because he did not file a direct appeal and he only argued that error occurred at the original plea hearing. Further, he has not demonstrated

that a manifest injustice occurred.  His claim that he should be released because he had an expectation of finality in his sentence was raised for the first time on appeal and is overruled. To the extent his claim regarding error could be considered, it would be overruled as being without merit.

{¶ 17}  Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN T. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR