[Cite as *State v. Unger*, 2023-Ohio-3334.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHAWN R. UNGER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0089**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19 CR 395

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur*, Assistant Mahoning County Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503 for Plaintiff-Appellee and

*Atty. John P. Laczko*, John P. Laczko, LLC., City Centre One, Suite 975, 100 East Federal Street, Youngstown, Ohio 44503 for Defendant-Appellant.

Dated:  September 14, 2023

**Robb, J.**

{¶1}    Defendant-Appellant Shawn R. Unger appeals the decision of the Mahoning County Common Pleas Court denying his motion for a new hearing on a post-sentence motion to withdraw a guilty plea, which had been denied years earlier.  For the following reasons, the trial court decision is affirmed.

STATEMENT OF THE CASE

{¶2}    On May 22, 2019, Appellant was indicted on two counts of rape of a victim under 13 years old (carrying life sentences) and three counts of third-degree felony gross sexual imposition.  *See* R.C. 2907.02(A)(1)(b),(B); R.C. 2907.05(A)(4),(C)(2).  A sexually violent predator specification was attached to all counts.  The victim was a five-year-old child.  The bill of particulars said Appellant forced the victim to perform fellatio on him, performed cunnilingus on her, rubbed his penis on her vagina, touched her vaginal area with a vibrator, and forced her to touch his penis with her hand.

{¶3}    Appellant waived his right to a jury trial.  On the day before the scheduled bench trial, a plea agreement was reached wherein the state recommended dismissal of the sexually violent predator specifications in exchange for Appellant's guilty plea to the five counts with an agreed-upon sentence of life in prison and parole eligibility after ten years.  Appellant would also be required to register as Tier III sex offender.  The signed plea agreement was presented to the court and filed of record.  The court inquired into the voluntariness of the plea and explained the constitutional rights Appellant would be waiving by pleading guilty.  He was advised the maximum sentence was life without parole on the rapes and five years on the other counts, with a possibility of consecutive sentences.

{¶4}    The parties asked the court to proceed immediately to sentencing (rather than order a pre-sentence investigation).  The child's guardian requested life without parole and pointed out the child had been ready to testify.  The court imposed the jointly-recommended sentence of life in prison with parole eligibility after ten years on the rape counts and five years on the gross sexual imposition counts, with all sentences running concurrently.  (8/27/19 Tr.); (9/4/19 J.E.).

Case No. 22 MA 0089

**{¶5}** Three days after sentencing, Appellant filed a pro se motion to withdraw his guilty plea. He claimed he was under mental duress during the plea process because his attorney "tricked" him into signing by expressing he did not want to take the case to trial. Appellant also said he would never want to plead guilty where a doctor could testify there was no physical evidence of the offenses. A letter from Appellant to the court was subsequently filed in which he said his attorney rushed him to make a decision on the plea, told him not to speak out of turn (such as during the guardian's statement), made parole sound simple to obtain, and discounted the evidence he wished to present to show his innocence.

**{¶6}** The state's memorandum in opposition pointed out various factors against plea withdrawal, including: the plea colloquy was detailed; Appellant was experienced in the criminal justice system, with a prior rape conviction and sex offender label; he received a beneficial sentencing deal; and the offer was first presented to him a month before he entered the plea (as indicated at a July 23, 2019 hearing when he entered a jury waiver and the court was advised plea offers had been rejected).[1]

**{¶7}** The court held a hearing on the plea withdrawal motion on September 11, 2019. The court indicated a hearing was not actually required based on Appellant's filings. After listening to Appellant's claims at the hearing, the court found he entered his plea knowingly, intelligently, and voluntarily and merely changed his mind. The court concluded there was no manifest injustice and denied the motion at the hearing followed by an entry a few days later. (9/23/19 J.E.). No appeal was filed.

**{¶8}** On September 18, 2019 (in the time between the oral denial and the entry), Appellant filed a second post-sentence motion to withdraw his guilty plea. He reiterated various allegations. He also claimed the victim's mother lacked credibility and coached the child. The court denied the motion finding no manifest injustice. (9/27/19 J.E.). No appeal was filed.

**{¶9}** Nearly three years later, on June 21, 2022, Appellant filed a pro se motion for a new hearing on his plea withdrawal motion. He claimed his attorney's failure to

---

[1] Appellant was already required to register as a sex offender due to his prior rape (of a young child) conviction and was on post-release control with a condition to have no contact with children at the time of the within offenses.

present arguments at the September 11, 2019 hearing resulted in the trial court's lack of jurisdiction to rule on his pro se motion to withdraw his plea. The state filed a memorandum in opposition arguing this issue could not be raised in a third motion. It was also noted Appellant had counsel but chose to argue his initial pro se motion to the court.

**{¶10}** On July 11, 2022, the trial court overruled Appellant's motion. Appellant's notice of appeal was filed a day late on August 11, 2022. Appellant was granted leave to file a delayed appeal after presenting evidence regarding the one-day delay.

<u>ASSIGNMENT OF ERROR ONE</u>

**{¶11}** Appellant sets forth two assignments of error, the first of which provides:

"THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY PLEAS WHEN THESE PLEAS WERE NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY AND THEREFORE APPELLANT'S CONVICTION AND SENTENCE MUST BE VACATED."

**{¶12}** Appellant contends the court abused its discretion in failing to find a manifest injustice warranted his 2019 plea withdrawal request. He cites to the 2019 plea withdrawal motions and the hearing conducted on the first motion.

**{¶13}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "[A] defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). A post-sentence plea withdrawal motion is warranted "only in extraordinary cases." *Id.* The defendant must show withdrawal is "necessary" to correct manifest injustice. *State v. Stumpf*, 32 Ohio St.3d 95, 104, 512 N.E.2d 598 (1987).

**{¶14}** "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith*, 49 Ohio St.2d at 264. The denial of a post-sentence plea withdrawal motion is reviewed under an abuse of discretion standard of review. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15. In evaluating whether a court abused its discretion, we consider whether the trial court's

ruling was unreasonable, arbitrary, or unconscionable.  *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

**{¶15}** "In seeking to invalidate a guilty plea based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that he was prejudiced by the deficiency, i.e., a reasonable probability that he would not have agreed to plead guilty but for counsel's deficiency." *Id.* at ¶ 11, citing, e.g., *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) (a presentence motion case).  The Sixth Amendment right to counsel does not provide for a meaningful relationship with counsel. *Morris v. Slappy*, 461 U.S. 1, 13-14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).  A client's evaluation of counsel's advice is not the standard for effective assistance, and "even when there is a bona fide defense, counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), fn. 19, 21. A hearing is not required on a Crim.R. 32.1 post-sentence plea withdrawal motion if the facts alleged are not sufficient to prove a manifest injustice. *State v. Kopnitsky*, 7th Dist. Mahoning No. 19 MA 0019, 2019-Ohio-5066, ¶ 20, citing *State v. Snyder*, 7th Dist. Jefferson No. 08-JE–27, 2009-Ohio-4813, ¶ 15.

**{¶16}**  At the 2019 plea withdrawal hearing, the court noted it was not required to hold a hearing based on the allegations made (but wished to avoid taking any chances of reversal).  The court asked defense counsel, "are you going to speak for the defendant or is he speaking for himself?"  Defense counsel answered, "it is a pro se motion and Mr. Unger will be speaking for himself." (Tr. 2-3).  Appellant then pointed out a post-sentence plea withdrawal motion could be granted for "manifest injustice" and argued his plea was "unintelligent" as counsel was "constitutionally deficient" and rendered "ineffective" assistance. (Tr. 3-4).  He acknowledged the evidence he wished to present at trial was disclosed in discovery but complained his attorney expressed disagreement with his assessment of the value of that evidence regarding the child-victim's mother and did not give him enough time to think about the plea offer. (Tr. 4-6, 10-11, 14, 22-25).  Appellant noted videos the child's mother sent to authorities (and to his mother) contained the child saying what he did to her, suggesting he wished to use them to show she coached the child.  Appellant also complained he felt pressure due to counsel's explanation of the

potential sentence in the absence of a plea agreement and the chance of obtaining parole after ten years if he accepted the offer; he complained counsel told him pleading guilty under these circumstances was the "sensible thing to do." (Tr. 16, 18). Appellant also criticized his attorney for telling him to stay quiet during the statement of the child's guardian and to simply answer the court's questions, claiming he was told to say "yes" to every question. (Tr. 19).

**{¶17}** On the latter complaint, as the court explained, speaking out-of-turn would constitute a disruption in the courtroom. His claim of pressure to only answer in the affirmative also lacked credibility in that Appellant answered "no" to questions (such as whether anyone forced him to take the plea and whether he wished to address the court) and asked questions about post-release control and consecutive sentences.

**{¶18}** Regarding other arguments, the trial court pointed out issues with trial strategy do not equate with ineffective assistance of counsel and defense counsel is expected to provide his opinion on the evidence cited by his client (as to quality and admissibility), the risk at sentencing after a trial, the benefits of the plea, and the likelihood of certain evidence being admitted. (Tr. 11-13, 16-17, 22-23). Likewise, the state correctly argues a defense attorney does not act improperly by providing opinions on the chances at trial, whether a plea offer should be accepted, the ability of the state to utilize evidence or the inability of the defense to utilize evidence due to admissibility rules, and the believability of Appellant's defense or the harm certain evidence can cause to the defense.

**{¶19}** For instance, where a defendant claimed his attorney pressured him into a plea deal by telling him the potential penalties of proceeding to trial would be too great, we held: "Even assuming this is true, this was not coercive but rather prudent advice given the evidence the State had against [the defendant] and the potential penalties he faced * * *." *See State v. Brewer*, 7th Dist. Mahoning No. 14 MA 0127, 2016-Ohio-3224, ¶ 15. In Appellant's case, the potential penalties were vastly greater than the sentence secured by defense counsel under the plea deal.

**{¶20}** The trial court heard Appellant voice his allegations about pressure from counsel and their disagreement on the evidence available for trial. Appellant's good faith and credibility were matters for the trial court, who could evaluate his demeanor, voice

inflection, gestures, and other indicators of untruthfulness. *See Smith*, 49 Ohio St.2d at 264; *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984); *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). Less than two weeks before the withdrawal hearing, the court engaged Appellant in the plea colloquy (which is uncontested), where the court even explained how certain admissibility issues were pending in the case and disclosed all potential sentences instead of just the maximum sentences. *See State v. Brewer*, 7th Dist. Mahoning No. 14 MA 0127, 2016-Ohio-3224, ¶ 8 (deference to trial court who conducted the original plea hearing and was in the best position to assess the credibility of the movant's assertions). Upon reviewing the motions and the transcript, the trial court reasonably found there was no manifest injustice supporting a post-sentence plea withdrawal. This assignment of error is without merit.

{¶21} It must be pointed out, however, this is the appeal of the July 11, 2022 judgment denying a motion for a new plea withdrawal hearing; this is not the appeal of the judgments denying Appellant's 2019 plea withdrawal request. Appellant's August 11, 2022 notice of appeal and docketing statement both cite the July 11, 2022 judgment as the judgment on appeal, and said judgment was attached to the notice of appeal. Likewise, his September 7, 2022 motions regarding a delayed appeal explain the timing of his appeal from the July 11, 2022 judgment. Our judgment permitting this appeal to proceed set forth the history of the case and specifically observed Appellant was appealing the July 11, 2022 judgment, and thus, we only granted leave to appeal that judgment. (10/31/22 J.E. at 2).

{¶22} Consequently, the judgment on appeal is the one denying Appellant's 2022 motion for a new plea withdrawal hearing and rejecting his claim that the trial court lacked jurisdiction to deny the initial motion. The plea withdrawal hearing was the result of Appellant's first post-sentence plea withdrawal motion and letter. The question of whether Appellant's 2022 motion involved a true jurisdictional issue that could be raised years after the 2019 decisions denying plea withdrawal (while avoiding res judicata principles) is addressed under the next assignment of error. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59-60 (res judicata bars the assertion of a claim in a successive motion to withdraw a guilty plea that was or could have been raised in a prior proceeding or the appeal therefrom, including arguments on ineffective assistance

of counsel in advising on a guilty plea); *State v. Colvin*, 7th Dist. No. 15 MA 0162, 2016-Ohio-5644, 70 N.E.3d 1012, ¶ 46 (res judicata applies to successive post-sentence plea withdrawal motions).

## ASSIGNMENT OF ERROR TWO

{¶23} Appellant's second assignment of error contends:

"THE TRIAL COURT ERRED IN CONDUCTING A HEARING ON APPELLANT'S POST-SENTENCING MOTION TO WITHDRAW HIS GUILTY PLEAS WITHOUT PROVIDING APPELLANT ASSISTANCE OF COUNSEL OR PROCEEDING AFTER A VALID WAIVER OF COUNSEL ON THE RECORD."

{¶24} The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." The defendant has the right to have counsel present at all critical stages of the criminal proceedings. *United States v. Wade*, 388 U.S. 218, 227-228, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 13. Appellant points out a structural error may result when there is a deprivation of the right to counsel at a critical stage. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148, 165 L.Ed.2d 409, 126 S.Ct. 2557 (2006) (denial of choice of counsel to non-indigent). A structural error is a constitutional error that is automatically reversible without being subject to a harmless error analysis. *Id.*; *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17-18. These cases do not equate a structural error with a jurisdictional error that renders a judgment void.

{¶25} The common pleas court has subject matter jurisdiction over felonies. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 35. *See also State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23 ("Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case."). The court acquires personal jurisdiction over a criminal defendant where there exists "lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge" or the defendant "submits" to the court's jurisdiction without objecting to it. *Henderson*, 161 Ohio St.3d 285 at ¶ 36.

{¶26} Where a trial court had jurisdiction over the subject matter of the action and the parties, the following principles apply: subsequent questions merely involve the

"exercise of the jurisdiction" already conferred; "any error in the exercise of that jurisdiction renders the court's judgment voidable, not void"; an allegation about a voidable judgment must be raised in an appeal of the pertinent judgment; and such allegation is not the proper subject of a subsequent motion where it will be considered res judicata. *Harper*, 160 Ohio St.3d 480 at ¶ 22, 26, 28. *See also Henderson*, 161 Ohio St.3d 285 at ¶ 17 (and the "failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection").

{¶27} Specifically, res judicata bars a defendant from raising claims in a post-sentence motion to withdraw a guilty plea that could have been raised in a prior motion or appeal. *Straley*, 159 Ohio St.3d 82 at ¶ 15; *Ketterer*, 126 Ohio St.3d 448 at ¶ 59-60. *See also State v. Burnside*, 7th Dist. Mahoning No. 09 MA 179, 2010-Ohio-3158, ¶ 5 (the doctrine of res judicata applies to successive post-sentence plea withdrawal motions where the grounds for relief were asserted or should have been asserted in a prior motion or an appeal therefrom).

{¶28} Appellant points out the United States Supreme Court previously said a trial court's jurisdiction may be "lost" rendering a judgment "void" if counsel was not provided to a defendant who was unable to obtain counsel and there was no waiver of the constitutional right before the trial. *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Despite more recent pronouncements (such as in *Harper* and *Henderson*) that a judgment is "void" only if the court lacked personal or subject matter jurisdiction, the Ohio Supreme Court thereafter indicated "the declaration in *Zerbst* that a Sixth Amendment violation renders an associated conviction void remains in force." *State ex rel. Ogle v. Hocking County Common Pleas Court*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, ¶ 13-14. Yet, *Ogle* was focused on the question of whether the petitioner in an original action presented a colorable claim and could proceed past a Civ.R. 12(B)(6) motion, with the Court mentioning the defense of res judicata could be addressed on remand at the next stage of the proceedings on the writ. *Id.* at ¶ 15-16, 19.

{¶29} Moreover, *Zerbst* involved an entire trial without counsel, and *Ogle* involved a lack of counsel at sentencing where the trial court released the defendant on bond before sentencing while ordering the defendant to have no contact with any lawyer. *Id.*

at ¶ 3, 12-14.  Notably, cases subsequent to *Zerbst* refer to an evaluation of the level of deprivation and the particular stage of the case.  *See, e.g., Cronic*, 466 U.S. at 659, fn. 25 (finding the rule was applicable to a "complete denial" of counsel, which occurs "when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding"); *Coleman v. Alabama*, 399 U.S. 1, 11, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1970) (applying harmless error to the denial of counsel at a preliminary hearing).

**{¶30}**  Appellant argues a hearing on a post-sentence plea withdrawal motion is a critical stage in the criminal proceeding requiring counsel.  He claims he was not represented by counsel at the September 11, 2019 post-sentence plea withdrawal hearing.  He complains the court failed to offer new appointed counsel or obtain a waiver of counsel on the record for purposes of allowing Appellant to proceed pro se.  *See State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 39 (when a criminal defendant elects to proceed pro se, the court must substantially comply with Crim.R. 44(A) by inquiring whether the defendant understood and intelligently relinquished the right to counsel).

**{¶31}**  This was not a case involving a total deprivation of counsel.  Appointed counsel represented Appellant throughout trial preparation, plea negotiations, and sentencing.  As the state points out, Appellant's attorney was at the hearing on Appellant's pro se post-sentence plea withdrawal motion.  The Sixth Amendment does not require counsel to present meritless arguments, and matters of strategy are presumed reasonable.  *See Strickland v. Washington*, 466 U.S. 668, 689, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984).  The court asked who would be informing the court about Appellant's complaints, and Appellant chose to speak on his own behalf.

**{¶32}**  Furthermore, Appellant's specific argument, that post-sentence plea withdrawal is a critical stage, relies on inapplicable and distinct cases.  *See State v. McClelland*, 9th Dist. Summit No. 27851, 2016-Ohio-3436; *State v. Strickland*, 2d Dist. Montgomery No. 25673, 2014-Ohio-5451.  These cases involve *pre-sentence* plea withdrawal motions (and attorneys who were forced by the court to speak against their client).  *Id.*  We also note there is no post-sentence plea withdrawal motion in federal courts.  *See* Former Fed.R.Crim.P. 32(d) (previously, the rule only allowed a pre-sentence

plea withdrawal motion); Fed.R.Crim.P. 11(e) (currently, a defendant may not withdraw a guilty plea).

**{¶33}** As the state emphasizes, we have concluded there is no constitutional right to appointed counsel for a post-sentence plea withdrawal motion. *See State v. Harris*, 7th Dist. Mahoning No. 19 MA 0052, 2020-Ohio-4736, ¶ 18, 28. Instead, the judge has discretion to appoint counsel for a post-sentence withdrawal motion. *Id.* (concluding the court did not abuse its discretion in failing to appoint counsel at a post-sentence plea withdrawal hearing).

**{¶34}** Other courts have also concluded a defendant does not have a right of counsel on a post-sentence motion to withdraw a guilty plea, as it is not a critical stage. *State v. Melendez*, 8th Dist. Cuyahoga No. 106994, 2019-Ohio-533, ¶ 15, denying reopening of 2019-Ohio-2212 (finding the defendant did not have a right to counsel to argue his post-sentence motion to withdraw his guilty plea and thus trial counsel would not be ineffective for refusing to argue in favor of his motion to withdraw his guilty plea); *State v. Reyes*, 2d Dist. Clark No. 2017-CA-34, 2018-Ohio-1426, ¶ 10 ("a criminal defendant generally is not entitled to counsel for a post-sentence motion to withdraw a plea"); *State v. Dunlap*, 5th Dist. Delaware No. 15 CAA 07 0051, 2016-Ohio-5197, ¶ 14-15.

**{¶35}** As the Fifth District observed: "a defendant's advancement of a postsentence motion to withdraw plea goes well beyond the critical stage of criminal proceedings, and we therefore will not recognize a claimed error based on ineffective assistance regarding counsel's performance in presenting said motion to the trial court." *Dunlap*, 5th Dist. No. 15 CAA 07 0051 at ¶ 15 (refusing to extend any right to counsel for pre-sentence plea withdrawal to a post-sentence motion to withdraw plea). Any issue was not jurisdictional and was thus res judicata. Based on the various conclusions set forth supra, this assignment of error is overruled.

**{¶36}** For the foregoing reasons, the trial court's judgment is affirmed.


D'Apolito, P.J., concurs.

Hanni, J., concurs.


Case No. 22 MA 0089

[Cite as *State v. Unger*, **2023-Ohio-3334.**]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**